

**Signed and Filed: August 31, 2007**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-34008 TEC |
| SDR CAPITAL MANAGEMENT, INC. | Chapter 7 |
| Debtor. | |
| ANDREA A. WIRUM, Trustee, | |
| Plaintiff, | Adv. Proc. No. 07-3022 TC |
| vs. | Date: August 3, 2007 |
| | Time: 9:30 a.m. |
| JOHN O. WILSON, | Ctrm: Hon. Thomas E. Carlson |
| | 235 Pine Street |
| Defendant. | San Francisco, CA |

**MEMORANDUM RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

At the above date and time, the court held a hearing on Defendant's Motion for Summary Judgment. John H. MacConaghy appeared for Defendant. Dennis D. Davis appeared for Plaintiff. Upon due consideration, and for the reasons stated in this memorandum, the court determines that the motion should be granted in part and denied in part.

Memo Re Defendant's
Motion for Summary Judgment    -1-

**A. Trustee's Claims under Cal. Corp. Code section 506(a)**

(1) Trustee's claim for recovery of the April 2002 transfer under California Corporation Code section 506(a) is barred by the statute of limitations. California Civil Code section 338(a) establishes a three-year statute of limitations for actions based upon "liability *created by* statute." (emphasis added). Trustee cited no authority that an action against shareholders to recover unlawful distributions existed at common law, and the court found no such authority. Thus, the court concludes that California Corporations Code section 506(a) is an action created by statute. Because the April 2002 transfer occurred more than three years prior to the petition date, trustee is barred by the statute of limitations from recovering the April 2002 transfer under section 506(a). Cal. Code Civ. Proc. § 338(a).

(2) With respect the June and July 2003 transfers, there exists a genuine issue of material fact regarding whether Defendant had knowledge of the facts indicating the impropriety of those transfers. A corporation that is insolvent is barred from making a distribution to its shareholders. Cal. Corp. Code §§ 500, 501. Trustee submitted evidence that Debtor's liabilities exceeded its assets in 2001 (Crom Decl. (Debtor insolvent in 2001); Davis Decl. Exh. F (attaching July 6, 2001 balance sheet and August 2001 board minutes)). Because Defendant served as Debtor's Chief Economist and Chair of Investment Policy Committee through October 1, 2001, and served on the Board through December 31, 2001, a strong inference arises that Defendant had knowledge of Debtor's financial condition as of the time he left the corporation. England v.

**Memo Re Defendant's
Motion for Summary Judgment**      -2-

Christensen, 243 Cal. App. 2d 413, 431 (1966). Defendant offered no evidence that he received information after he resigned indicating that Debtor's financial condition had improved. Thus, although the statute requires knowledge of the impropriety at the time of the transfers, and the transfers were not made until June and July 2003, the inference that Defendant knew that Debtor was insolvent remains effective as of the time of the transfers.

**B.  Trustee's Claims Under the Uniform Fraudulent Transfer Act**

(1) The evidence submitted suggests that Dale Low is an unsecured creditor with an allowable claim who could have set aside the transfers under UFTA.

First, Low had an enforceable claim for payment of a contractually-promised bonus. Low released that claim, but only in return for Debtor's contractual promise to redeem his shares. Upon the avoidance of that consideration, the bonus claim revived. Thus, at all times relevant, Low had an allowable claim either for the bonus or upon the contractual promise to redeem. Trustee has acted accordingly, by agreeing to allow Low's bonus claim as part of the settlement under which Debtor's transfers to Low (in redemption of Low's shares) were set aside.

Second, Low would not have been barred from setting aside the transfers to Defendant under the doctrine of *in pari delicto*. This is so because Low did not participate in the transfers to Defendant, and because the claim Low would have been seeking to enforce was not sufficiently similar to the transfers to Defendant that Low would have been seeking to avoid. Low might have been barred from seeking to set aside a fraudulent transfer to enable

**Memo Re Defendant's**
**Motion for Summary Judgment**            -3-

Debtor to pay him a fraudulent transfer. Low would not have been barred, however, from setting aside the transfer to Defendant to enable Debtor to pay Low's contractual bonus.

(2) There is a genuine issue of material fact regarding whether Debtor received reasonably equivalent value in exchange for any of the stock redeemed.

First, with respect to the April 2002 transfer, it appears that the alleged sales of treasury stock, if proved, would establish that Debtor received reasonably equivalent value for the April 2002 transfer. Defendant did not, however, offer admissible testimony that those sales occurred as he contends. He neither offered into evidence the SEC report that he contends the ledger was a part of, nor did he submit other admissible evidence demonstrating that the ledger was part of any official report. With respect to the June and July 2003 transfers, there is the additional problem that there was no evidence of sales of treasury stock on or after the date of that redemption.

Second, Defendant offered no evidence that he was entitled to redeem the shares as part of his original written employment agreements with Debtor, or that his subsequent oral termination agreement was supported by valuable consideration (that it was granted in consideration for some other right).

                        **END OF MEMORANDUM**

**Memo Re Defendant's**
**Motion for Summary Judgment**            -4-

**Court Service List**

Dennis D. Davis, Esq.
Goldberg, Stinnett, Meyers and Davis
44 Montgomery Street, Suite 2900
San Francisco, CA 94104

John H. MacConaghy, Esq.
MacConaghy & Barnier
645 First Street, Suite D
Sonoma, CA 95476

**Memo Re Defendant's
Motion for Summary Judgment** -5-